Dear Mr. Goodman:
You have requested an opinion of the Attorney General relating to the audit and examination of housing authorities. You state that on or about February 1, 1994, the Legislative Auditor of the State of Louisiana published a notice to all housing authorities advising that the financial statements thereof must be prepared in accordance with generally accepted accounting principles. You further advise that the Housing Authority of the City of Shreveport (Authority) has historically prepared its accounting on the regulatory basis prescribed by the Department of Housing and Urban Development (HUD), and that this regulatory accounting does not comply with generally accepted accounting principles. You specifically ask whether the Authority must redefine its accounting system to comply, not only with HUD regulations, but with generally accepted accounting principles mandated by state law.
In answer to your question, I refer you to R.S. 24:513. It provides, in pertinent part, the following:
 "A. (1) Subject to Paragraph 3 of this Subsection, the legislative auditor shall have authority to compile financial statements and to examine, audit, or review the books and accounts of the state treasurer, all public boards, commissions, agencies, departments, political subdivisions of the state, public officials and employees, public retirement systems enumerated in R.S. 42:698.2(A), municipalities, and all other public or quasi-public agencies or bodies, hereinafter collectively referred to as the `auditee'.
* * *
 (3) The financial statements of the offices of the independently elected public local officials . . . municipalities and all boards and commissions created by municipalities, either independently or in conjunction with other units of government, . . . quasi-public agencies receiving public funds, housing authorities, . . . or other political subdivisions of the state not included within the state's Comprehensive Annual Financial Reports hereinafter collectively referred to as "local auditee', shall be audited or reviewed by licensed certified public accountants subject to Paragraphs (5) and (6) of this Subsection, but may be audited by the legislative auditor pursuant to Paragraph (4) of this Subsection."
Paragraph (4) enumerates those instances where the local auditee, in this case the housing authority, may be audited and investigated by the legislative auditor.
R.S. 24:515 provides, in pertinent part, the following:
 "A. All auditees shall designate or provide an office for their secretary, treasurer, or principal finance officer where their books and records must be kept. All accounts of such public funds shall be kept in the form prescribed by the legislative auditor and he shall have the authority to install a system of accounting in any office which he is authorized to examine and audit" (Emphasis added.)
I next draw your attention to R.S. 24:514 which provides, in pertinent part, the following:
 "A. The auditees and local auditees referred to in R.S. 24:513 shall furnish to the legislative auditor, annually, sworn annual financial statements.
 B. (1) The annual sworn financial statements required under this section shall be prepared in accordance with generally accepted accounting principles and include such disclosures required by state and federal regulations . . . ." (Emphasis added.)
Based on the above provisions, it is the opinion of this office that the legislative auditor is clearly authorized to audit and/or investigate the Housing Authority of the City of Shreveport. As such, he is empowered to prescribe the form in which the Authority's accounts are to be kept. Further, Section 514 clearly provides that auditees and local auditees must furnish the legislative auditor sworn annual financial statements which must be prepared in accordance with generally accepted accounting principles.
Trusting this answers your inquiry, I am
Yours very truly,
 RICHARD P. IEYOUB Attorney General
BY: ROBERT E. HARROUN, III Assistant Attorney General RPI/Rob3/bb
cc: Mr. Grover Austin Asst. Legislative Auditor 0328R